UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY G. ALDERMAN,

    Petitioner,

v.                                                                            Case No:   2:14-cv-336-FtM-38CM

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.[1]
_____/

## **OPINION AND ORDER**[2]

This matter comes before the Court upon a *pro se* petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Larry G. Alderman ("Petitioner") (Doc. 1, filed June 12, 2014).  Petitioner, a prisoner of the Florida Department of Corrections, attacks the convictions entered by the Twentieth Judicial Circuit Court in and for Collier County, Florida for grand theft of a motor vehicle; burglary of a structure; and possession of a

---

[1] When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004) (citations omitted).  In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections.  Therefore, the Florida Attorney General will be dismissed from this action.

[2] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

concealed weapon by a convicted felon (Doc. 1 at 1).³  Respondent filed a response to the petition (Doc. 11).  Petitioner filed a reply (Doc. 16), and the petition is now ripe for review.

Petitioner raises four claims in his petition.  Upon due consideration of the pleadings and the state court record, the Court concludes that each claim must be denied. Because the petition may be resolved on the basis of the record, an evidentiary hearing is not warranted. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

### I.     Background and Procedural History⁴

On March 24, 2009, the State of Florida charged Petitioner with grand theft of an automobile, in violation of Florida Statute § 812.014 (count one); burglary of a structure, in violation of Florida Statute § 810.02 (count two); and possession of a concealed weapon by a convicted felon, in violation of Florida Statute § 790.23 (count three).

Prior to trial, defense counsel ("Counsel") moved to dismiss count three on the ground that the "concealed weapon" at issue was actually a pocket knife (Ex. 2).  After a short hearing was held on the motion, it was denied because the state had filed a traverse in which in contested Petitioner's factual assertions regarding the characterization of the knife (Ex. 5).  Counsel then moved for a bifurcated trial on count three to prevent the jury

---

³ Although Petitioner urges that he was convicted of burglary of a structure (Doc. 1 at 1), it appears as if he was actually convicted of "trespass in a structure" (Ex. 8).

⁴ Citations to exhibits are to those filed by Respondent on October 28, 2014 (Ex. 11). Citations to the trial transcript, located in exhibit seven, will be cited as (T. at __).

from learning of Petitioner's prior convictions (Ex. 6). The second motion was granted (Ex. 7 at 10-18).

On October 22, 2009, a jury found Petitioner guilty as charged on count one and guilty of the lesser-included offense of trespass in a structure on count two. He was also found guilty of carrying a concealed weapon (Ex. 8). On the second part of the bifurcated trial on count three, Petitioner waived a jury, and the trial court found him guilty of carrying a concealed weapon by a convicted felon (Ex. 7 at 408-25). After a sentencing hearing, the trial court sentenced Petitioner to a total term of fifteen years in prison as a habitual felony offender (Ex. 9; Ex. 10). Florida's Second District Court of Appeal affirmed Petitioner's convictions without a written opinion (Ex. 13); *Alderman v. State*, 60 So. 3d 393 (Fla. 2d DCA 2011).

On December 1, 2011, Petitioner moved for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion") (Ex. 14). The state filed a response (Ex. 16). On December 5, 2012, the post-conviction court adopted the state's response and denied each claim in Petitioner's Rule 3.850 motion (Ex. 18). Florida's Second District Court of Appeal affirmed without a written opinion (Ex. 20).

Petitioner signed the instant federal habeas petition on June 9, 2014 (Doc. 1).

## II. Governing Legal Principles

### a. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Under the AEDPA, federal habeas relief may not be granted regarding a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>   (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This standard is both mandatory and difficult to meet.  *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).  A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008).  Notably, a state court's violation of <u>state</u> law is not sufficient to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issued its decision. *White*, 134 S. Ct. at 1702; *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).  That said, the Supreme Court has also explained that "the lack of a Supreme Court decision on nearly identical facts does not by itself mean that there is no clearly established federal law, since 'a general standard' from [the Supreme Court's] cases can supply such law." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  State courts "must reasonably apply the rules 'squarely established' by [the Supreme] Court's holdings to the facts of each case." *White*, 134 S. Ct. at 1706 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).

Even if clearly established federal law is on point, habeas relief is only appropriate if the state court decision was "contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1).  A decision is "contrary to" clearly established federal law if

the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406). The petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White*, 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)). Moreover, "it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." *Knowles*, 556 U.S. at 122.

Finally, when reviewing a claim under § 2254(d), a federal court must remember any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the

federal habeas court would have reached a different conclusion in the first instance.") (quoting *Wood v. Allen*, 558 U.S. 290, 293 (2010)).

### b.     Ineffective Assistance of Counsel

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984). A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Id.* This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. *Burt*, 134 S. Ct. at 13 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)).

The focus of inquiry under *Strickland*'s performance prong is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688-89. In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The petitioner bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690).

On the prejudice prong of the *Strickland* standard, Petitioner's burden to demonstrate prejudice is high. *Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002).

Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### III. Analysis

In its response to Petitioner's Rule 3.850 motion, the state briefly summarized the facts surrounding Petitioner's arrest:

> The State of Florida charged Larry Alderman with three felony charges as a result of an incident on February 20, 2009, at the Huapilla packing house. The matter proceeded to jury trial where testimony revealed that law enforcement officers drove to the packing house at approximately 1:35 a.m. and the business was closed. The officers observed a box truck with the ignition running. Alderman ran from the truck upon seeing police. Once police apprehended him, they found a "jump" wire commonly used to start vehicles on Alderman's person. Officers also observed a sweatshirt underneath him which was wrapped around a knife. The officers described it as a "four-inch switchblade knife," or a "spring-loaded knife" with an open blade.

(Ex. 16 at 1) (internal citations to the record omitted). In the instant petition, Petitioner raises four claims of ineffective assistance of counsel. Specifically, he asserts that Counsel: (1) failed to object to the victim's interpreter not being sworn prior to the victim's testimony ; (2) allowed a biased juror to be empaneled; (3) failed to properly argue Petitioner's motion to dismiss count three; and (4) failed to move for a judgment of acquittal on the ground that the weapon at issue was a common pocketknife (Doc. 1 at 5-10). Each claim will be addressed separately.

#### a. Claim One

Petitioner asserts that Counsel failed to object to the victim's interpreter not being sworn prior to the victim's testimony at trial (Doc. 1 at 5). Petitioner urges that, as an interpreter from Collier County, "[the interpreter] was prone to be slanted towards [the state and] her translations were probably not true, accurate, and correct without taints or twists." (Doc. 1-1 at 4). Petitioner raised this claim in his Rule 3.850 motion (Ex. 14), and the post-conviction court, adopting the state's response, denied it (Ex. 18). Specifically, the post-conviction court concluded that Petitioner could not demonstrate prejudice because, had Counsel objected, the trial court "would have remedied the situation by administering the oath" (Ex. 16 at 6). Florida's Second District Court of Appeal affirmed (Ex. 20). A review of the record supports the state courts' conclusion that Petitioner cannot demonstrate *Strickland* prejudice resulting from Counsel's failure.

Prior to hearing trial testimony from victim Janara Huapilla, the trial judge told the jury he only recently discovered that Mr. Huapilla would testify in Spanish (T. at 225). The court explained that "[w]e're going to use a Collier County interpreter, whose job it is to interpret from Spanish to English and English to Spanish to the best of his ability . . . [s]o [Huapilla's] testimony will be given through our interpreter, all right?" *Id.* at 225-26. During his interpreted testimony, Huapilla, the tenant of the property where his truck was located, described the property and testified that he had not given Petitioner permission to be there. *Id.* at 227-28. He also testified that he owned the truck and had not given Petitioner permission to use it. *Id.* at 241-42. Huapilla testified that he was not on the property when his truck was taken; accordingly, Huapilla did not provide any eyewitness testimony.

Petitioner has the burden of showing a reasonable likelihood of a different jury verdict had Counsel insisted upon the interpreter being sworn before Huapilla's testimony. *Strickland*, 466 U.S. at 696. As noted by the post-conviction court, even had Counsel objected to the interpreter not being sworn, the trial court would have simply remedied the situation by placing the interpreter under oath. Moreover, Petitioner does not point to any of Huapilla's testimony he believes to have been erroneously translated; nor does he assert that Huapilla's interpreted testimony was untrue. At most, Petitioner urges that the interpreter *could have* "tainted or twisted" the testimony without providing evidence that the interpreter, in fact, did so (Doc. 1-1 at 4). Petitioner has not met his burden of showing *Strickland* prejudice because there is no evidence that the interpreter deliberately (or inadvertently) misinterpreted anything. Rather, Claim One is based upon speculation, and mere speculation cannot support an ineffective assistance claim. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim); *Purvis v. Crosby*, 451 F.3d 734, 738-39 (11th Cir. 2006) ("We do not know, and when we do not know[,] the party with the burden loses[.]").

The state courts' denial of Claim One was neither contrary to *Strickland* nor based upon an unreasonable determination of the facts, and the claim is denied. 28 U.S.C. § 2254(d).

### b. Claim Two

Petitioner asserts that Counsel was ineffective for allowing an unqualified juror to be empaneled (Doc. 1 at 7). Specifically, Petitioner urges that Juror Ross Barnard was biased because, in response to Counsel's question regarding a defendant's right to remain silent, Barnard stated that "Just that you [defense counsel] should be able to prove his innocence to us, you know, without a reasonable doubt." (Doc. 1-1 at 2).

Petitioner raised this claim in his Rule 3.850 motion (Ex. 14), and the post-conviction court, adopting the state's response, denied it (Ex. 18). The post-conviction court noted that, in addition to Barnard's brief comment on defense counsel's responsibilities, he also stated that he would "absolutely" find Petitioner not-guilty if the State failed to prove the charges against him and that he would return a guilty verdict if the State proved the charges beyond a reasonable doubt (Ex. 16 at 4). The post-conviction court also noted that the jury was reminded that the presumption of innocence stays with the defendant as to each material allegation. *Id.* The court determined that Petitioner could not demonstrate Juror Barnard's bias on the face of the record, and accordingly, Petitioner could not demonstrate *Strickland* prejudice. *Id.* Florida's Second District Court of Appeal affirmed (Ex. 20). A review of the record supports the state courts' rejection of Claim Two.

The Sixth Amendment guarantees the accused a trial by an impartial jury in federal criminal prosecutions. U.S. Const. amend VI. Because "trial by jury in criminal cases is fundamental to the American scheme of justice," the Due Process Clause of the Fourteenth Amendment guarantees the same right to the accused in state criminal prosecutions. *Duncan v. Louisiana*, 391 U.S. 145, 149 (1968). As with federal law, the test for determining juror competency in the Florida courts is "whether the juror can lay

aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court." *Lusk v. State*, 446 So.2d 1038, 1041 (Fla. 1984).

Petitioner has not satisfied *Strickland*'s performance prong because nothing in the record suggests that no reasonable competent attorney would have decided against striking Juror Barnard from the jury panel. Barnard told the trial court he could reach a fair decision based only on the evidence presented at trial and that, if the state failed to prove the charges beyond a reasonable doubt, he would return a not-guilty verdict (T. at 79). Upon review of the trial transcript, it appears that Juror Barnard's statement regarding Counsel's "job" at trial was not a direct comment upon Petitioner's right to remain silent. Rather, Counsel asked the jurors, "So if [the defense] [doesn't] have any other witnesses to call, and he has the right to remain silent, what should I do as my job? Does anyone have any thoughts on that?" (T. at 123). Barnard responded, "[j]ust that you should be able to prove his innocence to us, you know, without a reasonable doubt." *Id.* at 124. Counsel then asked if any other juror felt that way, and corrected Barnard's statement, noting that "[i]t's up to the State to prove [Petitioner's] guilt. It's not up to me to prove his innocence." *Id.*

The Eleventh Circuit has cautioned that courts applying *Strickland* must "defer to trial counsel's performance and eschew the distorting effects of hindsight" when interpreting a prospective juror's statements and trial counsel's decision whether to leave that person on the jury. *Harvey v. Warden, Union Correctional Institution*, 629 F.3d 1228, 1247 (11th Cir. 2011) (internal quotation omitted); *see also Babb v. Crosby*, 197 F. App'x 885, 887 (11th Cir. 2006) ("the Supreme Court has not concluded that a lawyer who

leaves an arguably biased juror on a jury is *per se* ineffective"). Moreover, "[a]ssessing jurors during voir dire also requires an evaluation of demeanor and credibility. Review of counsel's performance is highly deferential in any case, but the case for deference is even greater when counsel is evaluating credibility." *Bell v. United States*, 351 F. App'x 357, 360 (11th Cir. 2009) (internal citation omitted). Under these standards, reasonable competent counsel could have determined that Juror Barnard understood that the state bears the burden of proof at a criminal trial.

Likewise, because empaneled jurors are presumed impartial, to satisfy *Strickland*'s prejudice prong, Petitioner must show that Juror Barnard was actually biased against him. *Smith v. Phillips*, 455 U.S. 209, 215 (1982); *Rogers v. McMullen*, 673 F.2d 1185, 1189 (11th Cir. 1982) (defendant's Sixth Amendment right to a fair and impartial jury was not violated absent a showing that a jury member hearing the case was actually biased against him). The trial court instructed the panel that "[t]he defendant is not required to prove anything" and that it was the jury's "solemn responsibility to determine if the State has proved its accusations beyond a reasonable doubt against the defendant." (T. at 92, 170). The trial court also told the jury that "[a]t no time is it the duty of a defendant to prove his innocence." *Id.* at 173. During the jury charge, the trial court reiterated:

> The defendant has entered a plea of not guilty. This means you must presume or believe the defendant is innocent. The presumption stays with the defendant as to each material allegation in the Information through each stage of the trial unless it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt.
>
> To overcome the defendant's presumption of innocence, the State has the burden of proving the crime with which the defendant is charged was committed and the defendant is the person who committed the crimes. The defendant is not required to present or prove anything.

(T. at 393). A jury is presumed to follow its instructions. *Weeks v. Angelone*, 528 U.S. 225, 226 (2000). Accordingly, it is presumed that the jury, including Juror Barnard, concluded that the state proved each element of the crimes with which Petitioner was charged beyond a reasonable doubt.

Petitioner presents no evidence that Barnard, or any other juror, was actually biased, and he has satisfied neither prong of the *Strickland* ineffectiveness test. Accordingly, the state court's conclusions were neither contrary to, nor an unreasonable application of, *Strickland*. Nor were they based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Petitioner is not entitled to federal habeas corpus relief on Claim Two. 28 U.S.C. § 2254(d).

### c. Claim Three

Petitioner asserts that Counsel was ineffective for failing to introduce the actual knife at issue during the evidentiary hearing on his motion to dismiss count four[5] of the information (Doc. 1 at 8). Prior to trial, Counsel had filed a motion to dismiss count four of the information—possession of a concealed weapon by a convicted felon—on the basis that the knife found in Petitioner's possession was not a "concealed weapon" as a matter of law, but rather a four-inch common pocketknife (Ex. 2). The state filed a traverse to the motion alleging that the "discovery provided to Defense Counsel provides that [Petitioner] possessed a 4 [inch] spring loaded, switch blade-type knife" (Ex. 3). An evidentiary hearing was held (Ex. 4). After the hearing, the trial court denied the motion

---

[5] Although labeled as a motion to dismiss count four of the information, it appears that the motion was actually directed towards count three of the information—possession of a concealed weapon by a convicted felon, in violation of Florida Statute § 790.23 (Ex. 1; Ex. 2).

to dismiss because the State's traverse denied material facts, and as a result, the trial court was bound by what was stated in the pleadings. *Id.* Petitioner now urges that Counsel was ineffective for failing to bring the knife at issue to the evidentiary hearing so that the "court would have obviously seen it was only three and one half inches, granted the motion because the common pocket knife is a statutory exception to the definition of weapon and the concealed weapon charge would have been dismissed" (Doc. 16 at 11).

Petitioner raised this claim in his Rule 3.850 motion (Ex. 14), and the post-conviction court, adopting the state's response, denied it (Ex. 18). Specifically, the post-conviction court concluded that Counsel's performance was not deficient because the trial court's denial of the motion to dismiss was mandatory under Florida law; the state had filed a traverse disputing material facts alleged in the motion to dismiss (Ex. 14); *citing Boler v. State*, 678 So. 2d 319, 323 (Fla. 1996); *State v. Lewis*, 463 So. 2d 561, 563 (Fla. 2d DCA 1985); *State v. Paleveda*, 745 So. 2d 1026, 1027 (Fla. 2d DCA 1999); *State v. Miller*, 710 So. 2d 686, 687 (Fla. 2d DCA 1998). Florida's Second District Court of Appeal affirmed (Ex. 20). A review of the record and applicable state law supports the state courts' rejection of Claim Three.

Rule 3.190(c)(4) of the Florida Rules of Criminal Procedure permits a defendant to move to dismiss a charge when "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." To avoid dismissal under Rule 3.190(c)(4), the State must file a traverse denying under oath the material facts alleged in the motion to dismiss. See Fla. R. Crim. P. 3.190(d). In the traverse, the State is not required to pre-try its case, only to present sufficient facts which, when viewed in a light most favorable to the State, show that a reasonable jury could find

in its favor. *See State v. Terma*, 997 So.2d 1174, 1177-78 (Fla. 3d DCA 2008) (the state is entitled to the most favorable construction of the facts possible); *State v. Ortiz*, 766 So.2d 1137, 1141-42 (Fla. 3d DCA 2000) (when considering a Rule 3.190(c)(4) motion, "the state is entitled to the most favorable construction of the evidence with all inferences being resolved against the defendant").

Here, Petitioner's Rule 3.190(c)(4) motion to dismiss alleged that the weapon at issue was merely a four inch pocket knife, and was not one of the statutorily defined weapons under Florida Statute § 790.001(13) (Ex. 2). In its traverse, the State noted:

> Counsel for the Defendant alleges that a 4" pocket knife does not constitute a concealed weapon under statute. However, the Defendant is not alleged to have possessed a pocket knife.
>
> The discovery provided to Defense Counsel provides that the Defendant possessed a 4" spring loaded, switch blade-type knife.
>
> Florida Statute 790.001(13) includes within the definition of "weapon" any dirk or knife, except a common pocket knife, plastic knife, or blunt bladed table knife.
>
> The Defendant is not alleged to have possessed one of the types of knives excluded from the concealed weapons statute.

(Ex. 3). The express terms of Rule 3.190(d) provide that a Rule 3.190(c)(4) motion to dismiss must be denied "if the state files a traverse that, with specificity, denies under oath the material fact or facts alleged in the motion to dismiss." This is precisely what the trial court did (Ex. 4).[6] Reasonable competent counsel could have decided against

---

[6] To the extent Petitioner urges that the trial court incorrectly determined state law on this issue, "[it] is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (although ineffective assistance of counsel is a question of federal law, when the answer to the question turns on whether counsel should have raised issues of state law, § 2254(d) requires the federal

introducing the knife in question at the evidentiary hearing on the motion to dismiss because doing so would be futile; the state's traverse clearly denied the material facts alleged therein. *See Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues that clearly lack merit). Accordingly, Petitioner has not satisfied the performance prong of *Strickland*'s ineffectiveness test, and the state courts' rejection of Claim Three was neither contrary to *Strickland* nor based upon an unreasonable determination of the facts.

### d. Claim Four

Petitioner asserts that Counsel was ineffective for failing to include an argument in his motion for a judgment of acquittal on the concealed weapons charge that the weapon at issue was a common pocket knife (Doc. 1 at 4).[7] Petitioner raised this claim in his Rule 3.850 motion (Ex. 14), and the post-conviction court, adopting the state's response, denied it (Ex. 18). Specifically, the post-conviction court determined that Petitioner could not demonstrate deficient performance nor resulting prejudice from Counsel's failure to make this argument because no evidence was presented at trial that Petitioner's knife was a common pocket knife:

> Florida courts have repeatedly commented on the definition of an ordinary pocket knife which is exempt from the definition of a weapon. *L.B. v. State*, 700 So. 2d 370, 372 (Fla. 1997) ("we can infer that the legislature's intended definition of 'common pocketknife' was: 'A type of knife occurring frequently in the community which has a blade that folds into

---

court defer to the state court's decision regarding its own laws) (superseded by statute on other grounds).

[7] After the state presented its case, Counsel moved for a judgment of acquittal on the grounds that the state had not proved all the elements of burglary or grand theft auto. Counsel also argued that the state had not proven that the weapon at issue (the knife) had been "concealed" by Petitioner (T. at 309-15).

> the handle and that can be carried in one's pocket.' We believe that in the vast majority of cases, it will be evident to citizens and fact-finders whether one's pocketknife is a 'common' pocketknife under any intended definition of that term."); *Walls v. State*, 730 So.2d 294 (Fla. 1st DCA 1999) (definition of common pocketknife may be invoked only by a defendant who establishes conclusively that the knife in question has a blade length of four inches or less and that it was carried in a folded position); *Browder v. State*, 27 So. 3d 150, 151 (Fla. 2d DCA 2010) (in case of undisputed assertion that blade of knife was less than four inches long and closed, motion to dismiss should have been granted).
>
> There was no testimony at trial that Alderman carried a pocket knife, that it was in the closed position, or that the blade was less than four inches long. In fact, a State's witness described it as a "four-inch switchblade knife," or a "spring-loaded knife" with an open blade. Alderman in the instant motion and counsel in the motion to dismiss both described it as having a four-inch blade, not less than four inches. The knife was published to this Court and the jury. The jury received instruction that a weapon is not a common pocket knife, and found Alderman guilty beyond a reasonable doubt. Even if counsel had made the argument suggested by Alderman, it would have been denied. *Tefeteller*, 734 So.2d at 1020. Thus, this ground for relief should be denied as he has failed to demonstrate deficient performance or prejudice.

(Ex. 16 at 7) (internal citations to the record omitted).   Florida's Second District Court of Appeal affirmed (Ex. 20).   A review of the record supports the state courts' rejection of Claim Three.

Under Florida law, a motion for judgment of acquittal is designed to challenge the legal sufficiency of the state's evidence. *State v. Williams*, 742 So.2d 509, 510 (Fla. 1st DCA 1999).   In moving for a judgment of acquittal, a defendant admits not only the facts stated in the evidence, but also every reasonable conclusion favorable to the state that the fact-finder might fairly infer from the evidence. *Williams*, 742 So.2d at 510 (citing *Lynch v. State*, 293 So.2d 44, 45 (Fla. 1974)).   If the state presents competent evidence to establish each element of the crime, a motion for a judgment of acquittal should be

denied. *Id.* at 510. In other words, a trial court may not grant the motion for a judgment of acquittal unless the evidence, when viewed in a light most favorable to the state, fails to establish a prima facie case of guilt. *Id.*

The jury convicted Petitioner of carrying a concealed weapon (Ex. 8). The Florida Statutes define a concealed weapon:

> "Concealed weapon" means any dirk, metallic knuckles, slung shot, billie, tear gas gun, chemical weapon or device, or other deadly weapon carried on or about a person in such a manner as to conceal the weapon from the ordinary sight of another person.

Fla. Stat. § 790.001(3)(a) (2009). In its charge to the jury, the trial court specifically noted that "a common pocket knife, a plastic knife or blunt-bladed table knife" were exempt from the definition of weapon (T. at 390); *see also* Fla. Stat. § 790.001(13). The gravamen of the instant claim is that Counsel should have moved for a judgment of acquittal based upon an argument that the knife at issue was a "common pocket knife" and that insufficient evidence had been presented to prove otherwise. However, Deputy Allen Catlin testified that he found a "four-inch switchblade" underneath Petitioner upon apprehension (T. at 191, 193). Corporal James Hopkins also testified that a "switchblade knife" was recovered from Petitioner (T. at 212).

Evidence was presented that Petitioner was in possession of a switchblade knife, not a common pocket knife, when he was arrested. Therefore, reasonable competent counsel could have decided against arguing that Petitioner was entitled to a judgment of acquittal on the ground that he carried only a common pocket knife. Moreover, had Counsel done so, the motion would have been denied. Accordingly, the state court's conclusion that Petitioner demonstrated neither deficient performance nor resulting

prejudice was not contrary to *Strickland* nor based upon an unreasonable determination of the facts. Claim Four is denied. 28 U.S.C. § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV. Certificate of Appealability[8]

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 335–36. Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Florida Attorney General is **DISMISSED** as a named Respondent.

---

[8] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Id.* As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

  2.  The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Larry G. Alderman is **DENIED**, and this case is dismissed with prejudice.

  3.  Petitioner is **DENIED** a certificate of appealability.

  4.  The Clerk of Court is directed to terminate any pending motions, enter judgment accordingly, and close this case.

  **DONE** and **ORDERED** in Fort Myers, Florida on this 24th day of March, 2017.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Larry G. Alderman
Counsel of Record